# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRIAN WHITE and RACHEL DOLLINS, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>VENTURA GREEN APARTMENTS, LLC, )<br>VENTURA GREEN OKC, LLC, )<br>EXPRESSWAYS RENTAL PROPERTIES, LLC, )<br>and CREDIT SERVICE, INC. d/b/a )<br>COLLECTION SERVICES INTERNATIONAL, )<br>)<br>Defendants. ) | Case No. CIV-16-525-M |

## ORDER

Before the Court is Plaintiffs' Motion to Remand and Brief in Support, filed June 17, 2016. On July 13, 2016, defendants responded. Based on the parties' submissions, the Court makes its determination.

On April 11, 2016, plaintiffs filed this action in the District Court of Oklahoma County, State of Oklahoma, alleging the following: (1) violation of the Oklahoma Rental Landlord Tenant Act ("ORLTA") against defendants Ventura Green Apartments, LLC and Ventura Green OKC, LLC (collectively "Ventura Green") and Expressways Rental Properties, LLC ("Expressways Rental"); (2) breach of contract against Expressways Rental; (3) defamation against Ventura Green and Expressways Rental; (4) intrusion upon seclusion against Expressways Rental and Ventura Green; (5) false light invasion of privacy against Expressways Rental and Ventura Green; (6) intentional infliction of emotional distress against Expressways Rental and Ventura Green; (7) violation of the Fair Debt Collection Practices Act ("FDCP") against defendant Credit Service, Inc. d/b/a Collection Services International ("CSI"); (8) declaratory judgment against Expressways Rental and Ventura Green; (9) negligence against all

defendants; (10) negligent hiring/training/supervision/retention against all defendants; and (11) respondeat superior against all defendants.

On May 18, 2016, defendant CSI removed this action to this Court, pursuant to 28 U.S.C. §§ 1441 and 1446. Plaintiffs now move this Court to remand this action back to state court as plaintiffs' claim for violation of the FDCP is not a separate and independent claim from their state law claims.

§ 1441(c) states as follows:

> **(c) Joinder of Federal law claims and State law claims.--(1)** If a civil action includes--
> **(A)** a claim arising under the Constitution, laws, or treaties of the United States . . . , and
> **(B)** a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).

28 U.S.C. § 1441(c)(1).

Defendants contend that plaintiffs' assertion that this matter should be remanded because their FDCP claim is not separate and independent from their state law claims is incorrect and not based on the current removal statute. Having carefully reviewed the parties' submissions, the Court finds that this matter was properly removed and should not be remanded back to state court. The Court specifically finds that, pursuant to 28 U.S.C. § 1331, the Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," and the FDCA is a law arising under the United States; so, therefore, the Court has original jurisdiction over plaintiff's FDCP claim. Further, pursuant to 28 U.S.C. § 1367(a), the Court may exercise "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy

under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Therefore, the Court finds that this action is properly before this Court and plaintiffs' motion to remand should be denied.

Accordingly, for the reasons set forth above, the Court DENIES Plaintiffs' Motion to Remand and Brief in Support [docket no. 3].

**IT IS SO ORDERED this 16th day of November, 2016.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE